IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN DOUGLAS CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-21-00025-JD |
| ) | |
| GARFIELD COUNTY DETENTION ) | |
| CENTER, DR. FNU BUSHMAN, ) | |
| CARROL RAMSEY, R.N. Nurse, ) | |
| KELLI LNU, R.N. Nurse, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 6] of United States Magistrate Judge Amanda Maxfield Green, recommending that this action be dismissed without prejudice to refiling for Plaintiff's failure to comply with Judge Green's January 15, 2021, order [Doc. No. 5] requiring Plaintiff to cure deficiencies in his complaint and in his application to proceed *in forma pauperis* [Doc. No. 2]. Judge Green advised Plaintiff of his right to object to the Report and Recommendation by March 19, 2021, and that Plaintiff's failure to make a timely objection waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. Report and Recommendation at 2. Plaintiff did not file an objection to the Report and Recommendation, and the record reflects that Plaintiff has still not cured the deficiencies in his complaint or his application to proceed *in forma pauperis*. Although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court has conducted such a

review and concludes that dismissal without prejudice to refiling is appropriate.

In light of Plaintiff's failure to comply with Judge Green's order, the Court finds that dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. That Rule provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[This] Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick,* 40 F.3d

337, 340 (10th Cir. 1994)).

The Court finds that the above relevant criteria favor dismissal of this action. First, Plaintiff's failure to cure the deficiencies identified in Judge Green's order [Doc. No. 5], and Plaintiff's failure to respond to that order has likewise significantly interfered with the judicial process, requiring Judge Green and this Court to expend unnecessary resources and impairing the Court's management of its docket. As for culpability, Plaintiff has offered no justification or explanation for his failure to comply with Court orders or cure his deficiencies. Plaintiff was advised that dismissal was a possible sanction if the deficiencies were not cured. [Doc. No. 5 at 2 ("Failure to comply with this Order may result in the dismissal of this action.")]. The Court's records reflect that the Court Clerk even provided Plaintiff with the appropriate forms. Finally, given Plaintiff's inaction in this case, the Court finds that no lesser sanction would be effective.

While the Court is mindful that dismissal is an extreme sanction, the Court concludes that such action is warranted in this case. Consequently, the Court ACCEPTS and ADOPTS the Report and Recommendation, and DISMISSES this action WITHOUT PREJUDICE to refiling pursuant to Rule 41(b) and the Court's inherent power to manage its caseload so as to achieve the orderly and expeditious disposition of cases.

IT IS SO ORDERED this 20th day of April 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE